```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:05CV298-MU-02
```

CALVIN BLACK,                )
     Plaintiff,              )
                             )
     v.                      )          ORDER
                             )
NORTH CAROLINA DEPART-       )
  MENT OF CORRECTIONS;       )
PAULA Y. SMITH, Director     )
  Of Healthcare for the      )
  North Carolina Depart-     )
  ment of Corrections;       )
  And                        )
(FNU) MORGAN, Physician      )
  employed by Marion Cor-    )
  rectional Institution,     )
     Defendants.             )
_____)

**THIS MATTER** comes before the Court on plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed September 7, 2005. For the reasons stated herein, the plaintiff's action will be dismissed in its entirety.

A review of the plaintiff's Complaint reflects that he is attempting to sue the foregoing defendants, essentially over his disagreement with their prescribed course of treatment for him. More particularly, the plaintiff alleges that about 12 years ago he was diagnosed with Hepatitis C ("HCV"); and that over the years following that diagnosis, he has requested certain "medical treatment" (such as liver function tests, a liver biopsy, and examination by a "Hepatologist"), but has had those requests

denied. According to the plaintiff, defendant Smith is the person who most recently has denied the subject requests, and defendant Morgan has told him that his request were denied due to the cost of the requested measures. Ultimately, the plaintiff reports, without further explanation, that his health has "deteriorated," and he asks this Court to enter and Order directing the N.C. Department of Corrections to provide him with the requested treatment/measures.

To be sure, this Court is not at all unsympathetic to the plaintiff's concerns; nevertheless, the instant Complaint must be <u>dismissed</u> for the following reasons.

First, it is well settled that mere disagreements between an inmate and his physicians concerning which course of treatment to follow does not, without more, state a constitutional claim for relief. <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975).

Rather, at a minimum, in order to state a claim for deliberate indifference to a serious medical condition--as the plaintiff has attempted to do here--he must set forth allegations which reflect both that he suffers from a serious medical condition of which the defendants were or should have been aware; and that the defendants disregarded such objectively serious condition. <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997). That is, "because society does not expect that prisoners will have unqualified access to health care, deliberate indifference

2

to medical needs amounts to a [constitutional] violation only if those needs are serious." Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998), quoting Hudson v. Mcmillian, 503 U.S. 1, 9 (1992).

In the instant case, the plaintiff alleges that 12 years ago he was diagnosed with HCV.  Notably absent from this Complaint, however, is any information concerning difficulties or discomforts which the plaintiff is experiencing as a result of the subject condition.  On the other hand, an attachment to the plaintiff's Complaint reflects that he does undergo laboratory tests; and that such tests have yielded results which establish that he has "good" liver function.  Accordingly, in the absence of anything more than the plaintiff's conclusory allegation that his health has "deteriorated," this Court cannot even conclude that he actually is suffering from an "objectively serious" condition at this time.

Second, to the extent that the plaintiff is attempting to assert a claim on the basis of malpractice or negligence, such attempt also must fail.  That is, it is equally well settled that mere malpractice or negligence in connection with a diagnosis or treatment simply does not state a constitutional claim for relief in the §1983 context.  See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Finally, the plaintiff's claim of discrimination--on the

basis of his bald assertion that other similarly diagnosed inmates are treated differently--also falls short of stating a constitutional claim for relief.  Indeed, the mere fact that other inmates have been diagnosed with the same condition but receive different treatment does not tell the full story. Rather, to state a claim on this basis, the plaintiff would need to further allege, in more than conclusory terms, that such inmates also have been determined to have "good" liver functions, as he has been found to have; and that such other inmates do not have any other health concerns (about which the plaintiff simply may not be aware) that would be complicated by their HCV diagnosis, so as to require more aggressive treatment in their cases.

Suffice it to say, the plaintiff has failed to allege a claim in this regard.  Therefore, the instant Complaint will be <u>dismissed</u> in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED** in its entirety for the plaintiff's failure to state a constitutional claim for relief.  <u>See</u> 28 U.S.C. §1915A(1)(b).

**SO ORDERED.**

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge